UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| PATRICIA WHITLOW, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:13-cv-1507-WTL-MJD |
| FMS, INC., | ) ) ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss (dkt. no. 13). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

## I. STANDARD

The Defendant moves to dismiss the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012).[1] For a complaint to survive a motion to dismiss for failure to state a claim, it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted).

---

[1] While the Plaintiff acknowledges in her brief that the Supreme Court "retired the oft-quoted *Conley* formulation" in 2007, she curiously still invokes it—twice. *See* Response Brief at 3 and 4 (asserting that a motion to dismiss cannot be granted "unless it appears beyond doubt that the complaining party can prove no set of facts . . . that would entitle him to relief"). The distinction is irrelevant in this case, however; the Defendant does not argue that the Plaintiff has not asserted sufficient facts to state a plausible claim for relief, but instead argues that the facts asserted by the Plaintiff demonstrate that her claim is not viable as a matter of law.

## II. FACTS ASSERTED BY THE PLAINTIFF

The facts asserted in the Plaintiff's complaint are as follow.

The Defendant sent the Plaintiff two letters in an attempt to collect on a debt. The first letter, dated May 20, 2013, stated that the "balance" of the debt was $830.06, the "amount past due" was $277.00, and the "total due" was $334.00. The letter also contained the following statement: "TOTAL DUE = AMOUNT PAST DUE + CURRENT MONTHLY PAYMENT." The term "current monthly payment" did not appear anywhere else in the letter and no dollar amount was assigned to it. The letter did not explain the difference between the "balance" and the "total due." The second letter, dated June 17, 2013, stated that the "balance" of the debt was $880.31, the "amount past due" was $334.00, and the "total due" was $392.00. This second letter also did not provide the amount of the current monthly payment; nor did it explain the difference between "balance" and "total due."

## III. DISCUSSION

The Plaintiff alleges that the two letters she received from the Defendant violated the Fair Debt Collection Practices Act's ("FDCPA") prohibition against using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "In deciding whether a representation made in a dunning letter is misleading the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived. The court views the letter through the perspective of an 'unsophisticated consumer.'" *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014) (citations omitted).

> In attempting to describe this hypothetical debtor we have recognized that he is not as learned in commercial matters as are federal judges, but neither is he completely ignorant. Thus, on the one hand, we have described an unsophisticated debtor as "uninformed, naive, or trusting." At the same time, we have rejected the "least sophisticated debtor" standard used by some other circuits because we don't believe that the unsophisticated debtor standard should be tied to

> "the very last rung on the sophistication ladder." Instead, we and other courts have held that our uneducated debtor possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses "reasonable intelligence," and is capable of making basic logical deductions and inferences. Furthermore, while our unwary debtor may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion. According to our unsophisticated debtor standard, a statement will not be confusing or misleading unless a significant fraction of the population would be similarly misled.

*Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000) (citations omitted). In applying the unsophisticated consumer standard, a court must be mindful of the fact that "what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *McMahon*, 744 F.3d at 1020 (citation omitted).

In response to the motion to dismiss, the Plaintiff suggests that it would be improper to dismiss her claim because whether the letters are confusing is a question of fact. It is true that "[a]s a general matter, we view the confusing nature of a dunning letter as a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." *Zemeckis v. Global Credit & Coll. Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (citations omitted). "Nevertheless, a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Id.* The Defendant argues, and the Court agrees, that that is the case here.

The Plaintiff asserts that the letters were confusing and failed to accurately state the amount of the debt in violation of § 1692e(2)(A) in two ways. First, they did not explain the difference between "total due" and "balance"; and second, they failed to provide the amount of the current monthly payment.

With regard to the Plaintiff's first argument, the Court finds *Olson v. Risk Management Alternatives, Inc.*, 366 F.3d 509 (7th Cir. 2004), to be instructive. In *Olson*, each of the collection letters at issue listed both a "Balance" and an amount that was "Now Due." The Seventh Circuit held that "an unsophisticated consumer, able to make 'basic logical deductions and inferences' and to not interpret collection letters 'in a bizarre or idiosyncratic fashion,' would understand that the amount of the debt is the 'Balance' and that the amount 'Now Due' is the portion of the balance that the creditor will accept for the time being until the next bill arrives." *Id.* at 513. In this case, the Court finds, as a matter of law, that the letters' use of the terms "balance" and "total due," along with the explanation that "Total Due = Amount Past Due + Current Monthly Payment," would have been understood by an "unsophisticated consumer" as defined by the Seventh Circuit as setting forth the amount of the debt (the "balance") and the "portion of the balance that the creditor would accept until the next bill arrived" (the "total due"). In other words, the unsophisticated consumer would understand that the term "balance" means the amount of debt owed, that the term "amount past due" means the amount that should have been paid before the date of the letter but was not, and that the "total due" was the amount currently due—which, as the letter explains (and logic dictates) is the "amount past due" plus the amount due for the current month (the "current monthly payment").

As for the Plaintiff's second argument, she fails to explain—and the Court fails to see—how the failure to assign a dollar amount to the "current monthly payment" was a false, deceptive, or misleading representation of any kind. The Plaintiff articulates this argument as follows:

> Here, the Defendant's letter never states the amount of the "current monthly payment." Instead, to obtain the "current monthly payment," the unsophisticated consumer who has a sixth grade education must use a formula to compute the "current monthly payment." As stated previously, the unsophisticated consumer

4

> who has a sixth grade education must take the "total amount due" and subtract the "amount past due" to determine the "current monthly payment." This formula requires the unsophisticated consumer to engage in algebra. The unsophisticated consumer does not know algebra. Indeed, unsophisticated consumers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade. *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999). Algebra is not taught at the sixth grade level in public schools.[2] Thus, the unsophisticated consumer has no idea how to react to the Defendant's letter; therefore, the Defendant has violated the FDCPA.

Plaintiff's Response at 8-9. This argument simply is false. Even accepting as true the Plaintiff's rather dire prediction of the unsophisticated consumer's mathematical abilities, it is not necessary for the debtor to be able to solve for the current monthly payment in order to know "how to react" to the letters; the Defendant performed the *relevant* mathematical computation for the debtor by calculating the "total due" and providing that information in the letters. The fact that the Defendant did not perform an additional, unnecessary computation does not render the letters confusing or misleading with regard to what was owed.

## IV. <u>CONCLUSION</u>

Because the FDCPA violations alleged by the Plaintiff simply are not FDCPA violations, the Defendant's motion to dismiss is **GRANTED**. Because the Plaintiff's claim fails as a matter of law, and not for failure to plead sufficient facts, final judgment will now issue.

SO ORDERED: 05/19/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[2] Although not relevant to the Court's conclusion, the Court notes that the Plaintiff appears to be incorrect on this point; since at least 2000, the Indiana educational standards for sixth grade mathematics have included the following: "Students write verbal expressions and sentences as algebraic expressions and equations. They evaluate algebraic expressions, solve simple linear equations, and graph and interpret their results." https://learningconnection.doe.in.gov/Standards/Standards.aspx?st=algebra&sub=5&gl=8&c=0&stid=0 (last visited May 16, 2014).